IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY LEE JOHNSON, #202100008, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2397-D-BN |
| JOHNSON COUNTY, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Randy Lee Johnson, at the time detained at the Johnson County jail, filed a *pro se* civil rights complaint against the County alleging that he stepped into a hole in his cell, twisted his ankle, fell, and injured a finger while attempting to break his fall. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Johnson's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Consistent with the Prison Litigation Reform Act (the PLRA), the Court will enter a separate order granting Johnson's motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 4.

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon

which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

And, under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

## Legal Standards and Analysis

Johnson alleges that "after a shakedown" on the evening of September 4, 2022, paper and other trash left in its wake concealed a 3-inch-deep uncovered hole in the floor of his cell and he therefore did not see the hole, which caused him to step into it, twist his ankle, fall, and, while falling, reach out to break the fall and injure the middle finger on his left hand, causing the finger to swell and turn black and blue. Dkt. No. 3 at 6-7. Johnson also alleges that, when he filed his complaint, he did not know if the finger was broken but that it would be x-rayed the next day. *See id.* at 7.

Johnson has not plausibly alleged that Johnson County, a municipality, violated his civil rights.

"A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). At the pleading stage, a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force

behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

First, Johnson has not alleged that a constitutional violation occurred.

> Slip (or trip) and fall claims typically arise through the negligence of the proprietor or custodian of the premises. Therefore, "slip and fall" negligence claims ordinarily are not cognizable in a federal civil rights action. Indeed, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). It is manifest that "state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right." *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (quoted source omitted).

*Carter v. Derr*, Civ. A. No. 18-0068, 2019 WL 3202227, at *6 (W.D. La. June 19, 2019), *rec. accepted*, 2019 WL 3162485 (W.D. La. July 15, 2019); *see also Gossett v. Wilson*, No. 6:15cv726, 2016 WL 6518663, at *2 (E.D. Tex. Sept. 29, 2016) ("The failure to remain vigilant in maintaining safe prison environments may rise to the level of negligence, but does not by itself amount to deliberate indifference." (citing *West v. Blair*, 254 F.3d 1081, 2001 WL 563818, at *2 (5th Cir. May 15, 2001) (per curiam) (citing, in turn, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)))), *rec. adopted*, 2016 WL 6441612 (E.D. Tex. Nov. 1, 2016).

But, even if Johnson could allege a constitutional claim based on his trip and fall, such an isolated incident is not enough to allege that the County may be liable.

A plaintiff may proceed on a *Monell* claim only by "identify[ing] '(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Hutcheson*, 994 F.3d at 482 (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)). Accordingly, "[m]unicipalities are not liable 'on the

theory of respondeat superior' and are 'almost never liable for an isolated unconstitutional act on the part of an employee.'" *Id.* (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). And, understood in the context of this case, a prisoner "challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs; any lesser showing cannot prove punishment in violation of [his constitutional] rights." *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 454 (5th Cir. 2009).

For these reasons, the Court should dismiss Johnson's complaint with prejudice.But the time to file objections to this recommendation (further explained below) allows Johnson an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court

and the defendants to the substance of their proposed amendment')."].

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A (because the claims are frivolous) and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE